

# THE ATTORNEY GENERAL
# OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 11, 1964

This Opinion
Affirms Opinion
# O-728

Honorable Guy E. Jones
County Attorney
Bowie County Courthouse
Texarkana, Texas

Dear Mr. Jones:

Opinion No. C-266

Re: Construction of Art. 666-32,
V.P.C. in reference to a petition
for a local option election in
the town of Leary

In your letter of April 17, 1964, you asked for a construction
of Article 666-32, Vernon's Penal Code, in anticipation of a
local option election in the town of Leary.

The pertinent part of the statute is:

"... When any such petition so issued
shall within thirty (30) days after the date
of issue be filed with the Clerk of the Com-
missioners Court bearing the actual signatures
of as many as twenty-five per cent (25%) of
the qualified voters of any such county,
justice's precinct, or incorporated city or
town, together with a notation showing the
residence address of each of the said signers,
together with the number that appears on his
poll tax receipt or exemption certificate, or
a sworn statement that the signer is entitled
to vote without holding either a poll tax re-
ceipt or an exemption certificate, taking the
votes for Governor at the last preceding General
Election at which presidential electors were
elected as the basis for determining the qua-
lified voters in any such county, justice's
precinct, or incorporated city or town, it is
hereby required that the Commissioners Court
at its next regular session shall order a
local option election to be held upon the
issue set out in such petition ..." (Emphasis
Supplied)

The facts as you state in your letter are:

"In the General Election in 1960, which
would be the last preceding General Election
at which presidential electors were elected,
the Leary box was not limited to voters of the

-1267-

> Town of Leary, but the total vote cast contained
> many voters outside the Town of Leary who lived
> within the particular voting precinct. In that
> election, two hundred sixty-one votes were cast,
> and it is the position of the Commissioners that
> it is impossible to determine how many signatures
> would be required on the petition in order to
> constitute as many as twenty-five per cent, since
> it is not known how many votes were actually cast
> by residents of the Town of Leary in the 1960
> election. The Petitioners can prove, by use of
> the 1959 poll list and by testimony of persons
> who resided in the corporate limits of Leary at
> the time of the 1960 General Election, the number
> of persons actually qualified to vote for the of-
> fice of Governor in that election. They are not
> in a position, however, to prove the actual num-
> ber of votes cast by Leary residents."

An identical problem existed in Montgomery County in 1946.
This office held in Attorney General's Opinion No. O-7218,
1946, enclosed, that the County Clerk, whenever a petition
called for under Article 666-32 is presented to him, may adopt
any means he deems necessary and proper to determine whether
or not the signers of such a petition are qualified voters of
the county or political subdivision and to ascertain the num-
ber of qualified voters signing the same. The earlier case
of Akers, et al v. Remington, et al, 115 S.W.2d 714 (Tex.Civ.
App. 1938, error dism.), and Attorney General's Opinion No.
O-488, 1939, are in accord. We affirm Attorney General's
Opinion No. O-7218 insofar as it applies to your problem.

It is further stated in your request that Petitioners maintain
that substantial compliance with the statute would be met if
they could show that the number of signatures on the petition
was equal to 25 per cent or more of the number of persons qua-
lified to vote in the corporate limits at the time of the 1960
General Election. It is suggested that even a greater burden
than is required by the statute would have been met. With this
we concur. This reasoning, if adopted by the Commissioners
Court, represents a fair and reasonable approach and within the
language of the attached opinion.

## S U M M A R Y

Where it is impossible to determine the
requisite number of signatures on a local

option petition, the Bowie County officials
may exercise their own discretion, based
upon reason and fairness.

Respectfully submitted,

WAGGONER CARR
Attorney General of Texas

By: *Brady S. Coleman*
BRADY S. COLEMAN
Assistant Attorney General

BSC/lh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Gilbert Pena
Linward Shivers
Grady Chandler
C. L. Snow

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone